WARD, Judge.
In December, 1978, defendants Steven Reboul and Robert Stoltz arrested Curtis Smith for being drunk in public. Mr. Smith brought suit against the arresting officers and the City of New Orleans for false arrest. The Trial Judge rendered judgment in favor of Mr. Smith and awarded him $4,500.00 plus costs and interest, and the defendants have appealed.
The issue on appeal is whether the Trial Judge erred when he found that the defendants failed to prove that there was probable cause for the arrest of Mr. Smith.
The defendant officers contend that they had probable cause to arrest Smith for being drunk in public, that they acted properly, and that their version of the events should prevail. Mr. Smith argues that the officers were without probable cause to arrest him, that the Trial Judge rendered his judgment after evaluating the credibility of the witnesses, and that the judgment should not be disturbed on review when the judgment is not clearly wrong. We agree with the arguments of Mr. Smith and affirm the judgment of the Trial Court.
This arrest occurred on December 1,1978, in uptown New Orleans on the corner of Washington and Carondelet Streets about 8:00 p.m.
The credibility dispute is in the account of events which preceded the arrest of Mr. Smith and his witness, Mr. Washington. Both men testified that they were not friends but rather were strangers to each other until the evening of the arrest. The first encounter between them was that eve *389 ning when Mr. Washington knocked at Mr. Smith’s door looking for a friend who lived in the same building. Mr. Smith instructed Mr. Washington that his friend lived around the side of the building. Mr. Washington stated that he was knocking on his friend’s door when a police car passed and circled back, and the police officers called him over and questioned him by the police car. Mr. Washington further testified that Mr. Smith was standing in his doorway when the police approached him and asked him for identification, and that he saw one of the officers reach inside the door and grab Smith and arrest him in his house.
Mr. Smith testified that after he had given Mr. Washington directions to his friend’s apartment, he heard talking outside. He opened his door, and the police asked for identification. Mr. Smith asked, “Why” and the police said, “Oh, I see you one of the smart niggers,” and knocked the door open and ordered Smith out. Both Washington and Smith testified that they were not told what they were being arrested for until they were downtown at Central Lockup.
The officers testified that as they drove past the corner of Washington and Caron-delet Streets, they observed a man coming out of the bushes and zipping up his pants and that he was obviously intoxicated. While they were arresting this person, Mr. Smith approached and interfered and was belligerent. The officers also described Mr. Smith as weaving, staggering, falling on himself, incoherent, and slurring his speech. No smell of alcohol was detected, however.
The officers took Mr. Smith and another man to Central Lockup where, after being charged, Mr. Smith posted a $50.00 bond and was released. While at the jail and before he was booked, Mr. Smith asked to be given blood tests for alcohol. His requests were refused, but after being released, Mr. Smith went to Charity Hospital for the blood tests which were negative for alcohol. The case charging Smith with being drunk in public was set for trial in the Municipal Court but it was then continued several times when the officers failed to appear to testify in that case, and, ultimately, the case was dismissed by the City Attorney.
The testimony that Mr. Smith exhibited incoherence and slurred speech is refuted by the testimony of Mr. Paul Bonin, his attorney, who represented him in the public drunkenness case. Mr. Bonin testified that Mr. Smith telephoned him from Central Lockup and described the events preceding his arrest. Mr. Bonin testified that in his opinion, Smith was not drunk because his speech was not slurred and he did not sound drunk, and further, that Smith could relate in a coherent manner and in great detail his version of the arrest which was that he was not out of his house and that the officers had gone into the house to arrest him. Mr. Bonin advised Mr. Smith that immediately upon his release from jail he should go to Charity Hospital and obtain a blood test to determine if alcohol was present in his blood. The blood test which showed the absence of alcohol also refutes the testimony of the officers that Mr. Smith was under the influence of alcohol.
The Trial Judge concluded that the City and the police officers failed to show that the officers had reasonable or probable cause to arrest Mr. Smith for being drunk in public, that the weight of the evidence indicated that he was not in public and not drunk, and that Smith was the victim of a false arrest, and entitled to damages under La.C.C. Article 2315. We do not find that the Trial Judge’s verdict was manifestly erroneous or that he erred in accepting Mr. Smith’s version of the events, and we affirm his findings.
The second issue is the amount of the award. The defendant argues that the award is excessive and should be reduced, and Mr. Smith argues that the award should be affirmed or increased. We are not persuaded by the arguments of either party and find no error in the award given by the Trial Judge. We, therefore, affirm both the judgment and the award and as *390 sess the cost of the appeal against the City of New Orleans and Steve Reboul.
AFFIRMED.